(No. 3727—

SHAPLEIGH HARDWARE COMPANY, A CORP., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

KIRK JEFFREY, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The complaint in this case was filed July 1, 1941 seeking an award in the sum of $11.81 for two hundred fifty bolts claimed to have been sold and delivered by claimant to the respondent on January 8, 1941, and also for an award in the sum of $14.50 for one dozen concrete hand tampers claimed to have been sold and delivered by the claimant to the respondent on or about June 25, 1941.

The record consists of the complaint, exhibits number one, two and three, stipulation, report of the Division of Highways and waivers of claimant and respondent to the right to file their statement, brief and argument. It is stipulated that the report of the Division of Highways shall constitute the record. No evidence was offered.

This report dated August 7, 1942 contains the following:

"The 250 bolts referred to on claimant's invoice, No. C108280, dated January 8, 1941, in amount of $11.81, (claimant's exhibit 2) were never received by the respondent. A careful investigation at the designated destinations and all offices concerned with receipt and payment of invoices has confirmed all the foregoing."

"The materials, one dozen concrete hand tampers, referred to on claimant's invoice dated June 25, 1941, order No. C604240 in amount of $14.50 (claimant's exhibit 3), were received by respondent at its Division of Highways office, Peoria, Illinois, on June 19, 1941. Neither the Division's district office nor its central bureau of audits has any record of an invoice having been received or payment made for these materials. The materials and number were as represented and the price was that previously agreed upon."

"An appropriation was in existence and money available in it to pay for the materials had claimant sent its invoice in apt time, prior to September 30, 1941."

The burden is on the claimant to prove by a preponderance of the evidence that the merchandise was as ordered and that the quantity, quality, and prices thereof were in accordance with order and that the goods were received by the respondent. The respondent denies the receipt of the merchandise described in claimant's exhibit (2), and the claimant has offered no evidence of its delivery to respondent.

From the record in this case the claim for two hundred fifty bolts on claimant's invoice No. C108280 (claimant's exhibit 2) must be denied.

The claim in the sum of $14.50 for one dozen concrete hand tampers (claimant's exhibit 3) is allowed.

The complaint shows the claim was not presented to the respondent until May 5, 1942, but materials were delivered to and received by the respondent June 19, 1941. There is no denial that the merchandise was furnished by the claimant and received by the respondent; that an appropriation was in existence and money was available to pay at the time of the delivery of the materials, and that said merchandise was as ordered, etc.

An award therefore is hereby entered in the sum of $14.50 on claimant's exhibit 3.